3

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 07 C 931 | DATE | 8/21/2007 |
| CASE TITLE | Anthony Castro vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

Status hearing held and continued to 10/22/2007 at 9:00 AM. For the reasons stated below, Defendant Sherry's motion to stay proceedings [20] is granted. The Clerk of the Court is directed to enter a stay of all proceedings for the above-entitled case forthwith.

■[ For further details see text below.]     Docketing to mail notices.

00:05

## STATEMENT

Plaintiff Anthony Castro ("Plaintiff") has sued the City of Chicago and individual police officers Jerome Finnigan ("Finnigan"), Keith Herrera ("Herrera"), Carl Suchocki ("Suchocki"), Thomas Sherry ("Sherry"), and Cheryl Hurley ("Hurley") as administrator of the estate of officer John Hurley (collectively, and not including the City of Chicago, the "Individual Defendants") for violations of Plaintiff's constitutionally protected rights pursuant to 42 U.S.C. § 1983. The complaint also includes state law claims for malicious prosecution and intentional infliction of emotional distress. Plaintiff's claims arise from events that took place on July 27, 2004. Before the Court is Sherry's Motion to Stay all proceedings until final disposition is entered in his criminal case pending in Illinois state court, which criminal case concerns the same events as this civil case.

This Court has the inherent power to stay proceedings in the interest of justice. *See Jane Doe v. City of Chicago*, 360 F. Supp. 2d 880, 881 (N.D. Ill. 2005). To determine whether a stay is appropriate to protect competing interests arising from parallel civil and criminal proceedings, courts consider the following factors: (1) whether both actions involve the same subject matter; (2) whether the government brought both actions; (3) the posture of the criminal proceeding; (4) the effect of a stay on the public interest; (5) the plaintiff's interest in proceeding expeditiously and any possible prejudice to the plaintiff resulting from a stay; and (6) the burden any particular aspect of the proceedings may impose on the defendants. *Id.*; *see also, Nowaczyk v. Matingas*, 146 F.R.D. 169, 174 (N.D. Ill. 1993); *Cruz v. County of DuPage*, 1997 WL 370194, *2 (N.D. Ill. June 27, 1997).

In the instant case, the factors warrant a stay of all proceedings pending the outcome of Defendant Sherry's criminal case in state court. The first factor, whether the actions involve the same subject matter, weighs strongly in favor of a stay. Plaintiff concedes that this case and the criminal case deal with events that occurred on July 27, 2004 and that those events are part of the pending criminal charges against Sherry, Finnigan, Herrera, and Suchocki. The second factor, whether the government brought both actions, is the sole factor that weighs against a stay. This factor addresses the concern that the government could use civil discovery to obtain information for use in the criminal proceedings and circumvent the Fifth Amendment right against self-incrimination. *Cruz*, 1997 WL 370194 at *3. Because the state is not a party to this action, there is no concern that it will use civil discovery to directly obtain evidence for use in the criminal case. A stay, however, is often

## STATEMENT

still appropriate even when this factor does not weigh in its favor. *Id.*

The third factor, the posture of the criminal proceeding, weighs in favor of a stay. The parties agree that the criminal proceedings are in their early stages, but, even when it is unclear when the trial will begin, "the fact that indictments have been issued suggests that a stay would be appropriate." *Id.* In this case, the fact that indictments have been issued against four of the Individual Defendants weighs in favor of a stay. Plaintiff argues that such a stay could be in place indefinitely, but this is not the case when indictments have issued and the criminal case is proceeding, as it is here. *See Nowaczyk*, 146 F.R.D. at 175-76. The fourth factor, the public interest, also weighs in favor of a stay. This factor allows the court to consider whether a stay would enable the defendant to engage in a continuing wrong. *Cruz*, 1997 WL 370194 at *3. The possible continuing wrong in this case is the Defendants' alleged illegal conduct as members of the Chicago Police Department's Special Operations Section. Defendants are no longer employed as police officers and are unable to use the authority of that position to continue to engage in the acts Plaintiff alleges. *See id.* Additionally, the criminal case has garnered considerable public attention, placing the Defendants under intense public scrutiny. *See id.*

The fifth and six factors require weighing the prejudice to Plaintiff resulting from a stay against the prejudice to Defendant Sherry resulting from denial of a stay. The strongest case for a stay exists when a party has been indicted for a serious offense and is required to defend a civil case involving the same matter, because the non-criminal proceeding could undermine the party's Fifth Amendment rights. *Craft v. City of Chicago*, No. 06 C 1451, 2006 WL 3359424 (N.D. Ill. Nov. 16, 2006) (quoting *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375-76 (D.C. Cir. 1980)). The Individual Defendants have been indicted for numerous serious offenses involving the same events as this case. As such, the potential that the Individual Defendants will be forced to choose between an adequate defense in this case and their Fifth Amendment right against self-incrimination in the criminal proceedings is high. Plaintiff argues that a stay will make financial recovery less likely, may impair the memory of witnesses, and presents the possibility that discoverable documents may be lost or destroyed. This Court finds that Plaintiff's concerns do not outweigh the potential that the Individual Defendants will be forced to choose between an adequate defense in this case and self-incrimination in the criminal proceeding.

Plaintiff urges the court to issue a protective order under Rule 26(c), requiring all discovery that implicates the Defendants' Fifth Amendment privilege to remain confidential and unavailable to the state for use in the criminal proceeding. However, a Rule 26(c) protective order is not sufficient to alleviate Defendants' concerns. *See Andover Data Services v. Statistical Tabulating Corp.*, 876 F.2d 1080, 1083 (2d Cir. 1989) ("A Rule 26(c) protective order, no matter how broad its reach, provides no guarantee that compelled testimony will not somehow find its way into the government's hands for use in a subsequent criminal prosecution.").

The similarity between the allegations in the complaint in this case and the charges in the criminal proceedings indicates that the individual Defendants' Fifth Amendment rights are potentially implicated by this suit, and a stay is appropriate. The Court finds that a stay is appropriate notwithstanding Defendant Finnigan's opposition to the Motion to Stay. Finnigan argues that a stay is inappropriate because: (1) the Constitution does not require a stay; (2) courts have a duty to move civil cases along expeditiously and any stay in this case would be indefinite – a result disfavored by the courts. Finnigan argues alternatively that, because only one defendant, Sherry, has moved for a stay, the Court should stay the proceedings only as to Sherry. With respect to Finnigan's first argument, the Court is well aware that the Constitution does not *require* a stay; still, balancing the competing interests set forth above, the Court is convinced that a stay is appropriate at this time. With respect to Finnigan's concern that a stay in this case will remain in place in perpetuity, the Court will hold status hearings at regular intervals to allow the parties an opportunity to report on the status of the criminal case.

| STATEMENT |
|---|
| Accordingly, for the reasons stated herein, Defendant Sherry's Motion to Stay all proceedings pending a final disposition in his criminal case is granted. This Court will not stay the proceedings only as to one defendant. Plaintiff's claims apply to all defendants and it does not appear that it would make sense in terms of conserving judicial resources to carve out certain defendants for discovery. *See Bruner Corp. v. Balogh*, 819 F. Supp. 811, 816 (E.D. Wis. 1993) ("it would be . . . wasteful of judicial resources to stay this case as to some, but not all of the Defendants."). The parties shall appear at status every sixty days to report on the status of the criminal matters in order to ensure that the stay is lifted promptly at the appropriate time. The parties are otherwise free to apprise the Court on motion should developments transpire that bear on the appropriateness of lifting the stay in this case. |